## Case No. 17,261.

WATERMAN v. WALLACE et al.

[13 Blatchf. 128; 2 Ban. & A. 126.] [1]

Circuit Court, D. Connecticut. Sept. 22, 1875.

ASSIGNMENT OF PATENT — EXTENSION OF TERM — EFFECT—CONSTRUCTION OF DEED—DECLARATIONS OF GRANTEE.

1. An assignment recited the granting of a patent to H.. the assignor. and its reissue, and that K. "is desirous of acquiring all my right, title and interest therein. in accordance with the terms and conditions of a certain deed of trust executed by him," and then conveyed to K., in trust. "all my right. title and interest of, in and to the aforesaid reissued letters patent and the invention thereby secured." Afterwards, K. gave a license to W., which recited that both of the patents, and the invention secured thereby, had been assigned. in trust. to K., "for and during the unexpired term for which the same have been granted, and for and during any and all terms to which they or either of them may be extended." and then granted to W. a license under both of the patents. "the same to be exercised during the unexpired terms for which the said patents are granted. and may be hereafter extended." Afterwards, the patent was extended: Held. that the license to W. expired with the original term of the patent.

2. K. obtained. by the assignment to him, only the interest of H. for the original term.

3. An assignment of "the invention," after a patent has been issued. without any other language to indicate the intention of the parties, does not import a conveyance of the right to an extended term.

4. The written declaration of a trustee. in a conveyance to a third person. of property which had been previously conveyed to the trustee by his cestui que trust, cannot be used against the latter, to determine the intent of both parties in making the original conveyance, and to show the extent of the interest which the cestui que trust intended to convey thereby.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge: reprinted in 2 Ban. & A. 126; and here republished by permission.]

In equity.

Charles F. Blake, for plaintiff.

John S. Beach and William B. Wooster, for defendants.

SHIPMAN, District Judge. Letters patent of the United States for an improvement in "tempering wire and steel" were granted to Henry Waterman, on August 24th, 1858, were reissued on February 14th, 1865, and, on August 20th, 1872, were extended for seven years from the expiration of the original term. On September 1st, 1865, said Waterman assigned the "reissued letters patent, and the invention thereby secured" to Charles M. Keller. The assignment is as follows: "Whereas, I, Henry Waterman, of Brooklyn, in the state of New York, did obtain letters patent of the United States, bearing date August 24th, 1858, for improvements in hardening steel wire, which said letters patent were reissued to me on the 14th day of February, 1865; and whereas Charles M. Keller, of the city, county and state of New York, is desirous of acquiring all my right, title and interest therein, in accordance with the terms and conditions of a certain deed of trust executed by him, dated the 1st day of September, 1865—now this indenture witnesseth, that, for and in consideration of the sum of one dollar to me paid, and of the faithful performance, by said Keller, of the terms and conditions in said deed mentioned, I have assigned, sold and set over, in trust, and do hereby assign, sell and set over, in trust, all my right, title and interest, in and to the aforesaid reissued letters patent, and the invention thereby secured. In witness whereof, I have hereunto set my hand and seal, this 1st day of September, 1865. Henry Waterman. (L. S.)" On November 1st, 1865, Mr. Keller licensed the defendants to use the patented improvement. The portion of the license which is material to the present case, is as follows: "Whereas both of the said patents, and the invention secured thereby, were, on the 1st day of September, 1865, assigned, in trust, to the party of the first part, for and during the unexpired terms for which the same have been granted, and for and during any and all terms to which they or either of them may be extended, * * * the party of the first part has agreed to, and by these presents does, grant severally to each of the before recited parties and their successors, the right, privilege or license, under both of the said patents, to harden and temper hoop skirt and other steel wire, the same to be exercised during the unexpired terms for which the said patents are granted, and may be hereafter extended, on the terms and conditions hereinafter specified."

The bill, praying for an injunction and an account, was filed January 13th, 1873. The defendants [Wallace & Sons and others] admit, in their answer, that they are using the patented process, and rely solely upon the license from Mr. Keller. The only question in this case, which has been tried upon the pleadings alone, is, whether the defendants' license expired with the original term of the patent,

It is manifest, that the deed of Mr. Keller purported to give a license during the extended term, and declared that he had title to the invention during any extension which might be granted. It is not denied by the complainant, that, if Mr. Keller had such title, the defendants now have a valid and continuing license; but the complainant insists, that the assignee, having obtained merely the interest of the patentee during the original term, could grant nothing beyond the expiration of that term. "No one, in general, can sell personal property, and convey a valid title to it, unless he is the owner, or lawfully represents the owner. Nemo dat quod non habet." Mitchell v. Hawley, 16 Wall. [83 U. S.] 550. What, then, was the extent or duration of Mr. Keller's interest in the invention? "An assignment of an interest in an invention secured by letters patent is a contract, and, like all other contracts, is to be construed so as to carry out the intention of the parties to it. It is well settled, that the title of an inventor to obtain an extension may be the subject of a contract of sale, and the inquiry is, whether the instrument of sale employed in this case did secure to the purchaser an interest not merely in the original letters patent, but in any subsequent extension of them." "There is no artificial rule in construing a contract, and effect, if possible, is to be given to every part of it, in order to ascertain the meaning of parties to it." Nicolson Pavement Co. v. Jenkins, 14 Wall. [81 U. S.] 456. It seems, also, to be the settled law in the construction of contracts of the character which is now under consideration, that a sale of "the invention" does not necessarily carry with it the exclusive right for the extended term, but, "where an inventor has, in terms, sold to another person a part of his invention, he has done that which is quite consistent with an intent to have that other person participate in all the rights which he, as inventor, can acquire by law." If, from the whole conveyance, or from a cotemporaneous written instrument which has been executed by the parties in relation to the assignment, and in connection therewith, the court can discover that they intended to convey an interest in the invention for the extended term, a construction in accordance with the apparent intention will readily be given to the contract. This intention of the parties is ascertained, "not so much by reason of any superior force in the term 'invention,' as by other clauses which point to the extent and duration of the interest which was designed to be vested in the grantee." Clum v. Brewer [Case No. 2,909]; Curt. Pat. § 208; Ruggles v. Eddy [Id. 12,117]; Mowry v. Grand St. & N. R. Co. [Id. 9,893]; Nicolson Pavement Co. v. Jenkins, cited supra.

The deed to Mr. Keller, after reciting, that, whereas the grantor obtained letters patent, a description of which is given, and whereas the grantee is desirous of acquiring all the grantor's right, title and interest therein, i. e., in the letters patent, assigns to the grantee "all my right, title and interest in and to the afore-

said reissued letters patent, and the invention thereby secured.". There is no habendum clause in the deed, which may make more evident the intention of the parties, and the language of the deed of trust which was executed by Mr. Keller is not contained in the bill or answer. The recitals in the assignment indicate that the conveyance of the reissued letters patent only was intended, and there is nothing in the deed to show that any other intention existed, unless it is to be found in the words "and the invention thereby secured." Until it is authoritatively decided that a conveyance of the letters patent and of the invention is, of itself, a conveyance of the inchoate right of the inventor to an extension, I am constrained to hold, in conformity with the weight of authority as it now exists, that an assignment of the invention, after a patent has been issued, without any other language to indicate the intention of the parties, does not import a conveyance of the right to an extended term. I do not understand that the supreme court, in Nicolson Pavement Co. v. Jenkins, 14 Wall. [81 U. S.] 452, intended to assert, that an assignment of the invention merely, conveyed the interest of the inventor to an extension. On the other hand, "that decision assumes, that an assignment of the invention, without words importing an intention to convey a present and a future interest, will not pass the right to an extension." Mowry v. Grand St. & N. R. Co. [supra].

It is claimed, that the license from Mr. Keller to the defendants clearly shows the construction which he placed upon the assignment soon after it was executed, and is of weight in ascertaining the intention of the parties to the deed. The claim is not made, that an assignee of a patent can, by his subsequent deed to a third person, be able to enlarge the construction which would otherwise be given to the original conveyance, but, it is contended, that, as Mr. Keller was trustee for the complainant, he became, in a certain sense, the representative or agent of the patentee, and that the patentee is bound by the declarations of the trustee. It cannot, however, be admitted, that the written declarations of a trustee, in a conveyance to a third person, of property which had previously been conveyed to the trustee by his cestui que trust, can be used against the latter, to determine the intent of both parties in making the original conveyance, and to show the extent of the interest which the cestui que trust intended to convey by his deed. Parol evidence of the declarations of both parties is not admissible to vary the legal effect of the assignment. Ruggles v. Eddy, cited supra. Neither can the written and solemn declarations of the grantee alone, subsequent to the deed, be permitted to enlarge the grant in his favor.

Although I am inclined to believe that there is a hardship in the position in which the defendants are placed, I am of opinion that it is a hardship from which they cannot be relieved under the present state of the decisions, unless

the deed of trust which Mr. Keller executed and the patentee accepted, and which is referred to in the assignment, shows that it was the intent of the grantor to convey to Mr. Keller the extended term.

Let there be a decree for an injunction and an account.

[For another case involving this patent, see Waterman v. Thomson, Case No. 17,260.]